**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATE OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY ORTEGA,

Defendant-Appellant.

No. 06-2050

(D. of N.M.)

(D.C. No. CR-03-1566-JH)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Anthony Ortega pleaded guilty to one count of felon in possession of a firearm. He was sentenced to 188 months in prison. His counsel has concluded no meritorious claims exist on appeal and has filed a motion to withdraw as well as a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Ortega has filed a *pro se* motion for appointment of different counsel. Having reviewed the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

record, we GRANT counsel's request to withdraw, DENY Ortega's motion for new counsel, and DISMISS the appeal.

As Ortega pleaded guilty and his plea was valid under Fed. R. Crim. P. 11(b), the only issues for appeal relate to sentencing. Nothing in the record indicates Ortega was not aware of the consequences of his plea or that his plea was involuntary. The appropriate colloquies occurred and Ortega stated on the record that he understood the consequences of the plea.

With regards to sentencing, the *Anders* brief filed by Ortega's counsel sets forth two potential issues: 1) whether Ortega's prior felonies qualified him for sentencing as an armed career offender, and 2) whether sentencing Ortega to eight months above the statutory minimum was unreasonable under *United States v. Booker*, 543 U.S. 220 (2005). Neither of these issues is meritorious.

Ortega filed a brief objecting to two aggravated DUI felonies being included as violent felonies for the purposes of determining if he was an armed career offender. But neither of these charges were needed to establish Ortega's armed career offender status. According to the Presentence Report, Ortega had previously been convicted of aggravated assault in 1989, battery on a peace officer in 1990, and aggravated battery in 2002. The 1989 charge occurred while Ortega was a juvenile, but under the *Armed Career Criminal* provision of the Sentencing Guidelines, USSG § 4B1.4, a convicted felon is subject to an enhanced sentence pursuant to 18 U.S.C. § 924(e). That statute provides that

"juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such a term if committed by an adult" qualifies as a violent felony subject to the *Armed Career Criminal* enhancement. 18 U.S.C. § 924(e)(2)(B). Such was the case in Ortega's 1989 aggravated assault conviction. Whether Ortega's DUI convictions are "violent felonies" is irrelevant for sentencing purposes in this case, so Ortega's appeal on this issue fails.

As for the *Booker* challenge, the *Anders* brief notes that Ortega might challenge his sentence as unreasonable if the district court did not adequately consider the statutory factors set forth in 18 U.S.C. § 3553(a) in arriving at the ultimate sentence. But the sentencing judge clearly stated the § 3553(a) factors had been considered in arriving at the final sentence. As the sentence is well within the appropriate Sentencing Guidelines range, we presume it is reasonable unless shown otherwise. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Nothing in the record gives us reason to rebut this presumption based on the § 3553(a) factors.

With no meritorious claims to raise on appeal, we GRANT counsel's

request to withdraw, DENY Ortega's motion for new counsel, and DISMISS the appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge
